Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000903
28-MAY-2014
10:07 AM

CAAP-12-0000903

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JERSIAHA[1] F.L. TUISAMATATELE, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAHIAWĀ DIVISION
(CASE NO. 1DTA-11-03058)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Ginoza, JJ.)


Defendant-Appellant Jersiaha F.L. Tuisamatatele (Tuisamatatele) appeals from the Judgment entered on October 4, 2012, in the District Court of the First Circuit (District Court).[2] Tuisamatatele was convicted of operating a vehicle under the influence of an intoxicant (OVUII), in violation of

---

[1] We note that the correct spelling of Defendant-Appellant's first name is unclear. The trial court's judgment and the parties' caption on appeal spell it as "Jersiah," while the criminal complaint and certain exhibits in the record spell it as "Jersiaha." We will use "Jersiaha" in referring to Defendant-Appellant's first name.

[2] The Honorable Lono J. Lee presided.

Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2013).[3] We affirm Tuisamatatele's conviction and sentence.

A police officer pulled Tuisamatatele over after observing him engage in a reckless driving maneuver. The officer subsequently arrested Tuisamatatele for OVUII. After Tuisamatatele was transported to the police station, the officer read to Tuisamatatele a form entitled "Use of Intoxicants While Operating a Vehicle Implied Consent for Testing" (Implied Consent Form). Tuisamatatele agreed to take a breath test and refused a blood test. Tuisamatatele's breath test showed that he had a breath alcohol concentration of .179 grams of alcohol per 210 liters of breath -- a concentration that exceeded the legal limit. Tuisamatatele moved to suppress the results of his breath test, and the District Court denied his motion.

On appeal, Tuisamatatele challenges the District Court's denial of his motion to suppress. Tuisamatatele argues that: (1) because the police failed to give him Miranda warnings before reading the Implied Consent Form to him and obtaining his decision on testing, the results of his breath test should have been suppressed as the fruit of a Miranda violation; (2) the results of his breath test should have been suppressed because the police misinformed him of his statutory right to an attorney under HRS § 803-9 (1993); and (3) the results of his breath test

---

[3] HRS § 291E-61(a)(3) provides:

> (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:
>
> . . .
>
> (3)    With .08 or more grams of alcohol per two hundred ten liters of breath[.]

Tuisamatatele's complaint charged him with OVUII, in violation of HRS § 291E-61(a)(1) (Supp. 2013) and/or (a)(3), and alleged that he was subject to sentencing as a 'first offender in accordance with HRS § 291E-61(b)(1) (Supp. 2013). The District Court granted Tuisamatatele's motion to dismiss the HRS § 291E-61(a)(1) portion of the charge, and Plaintiff-Appellee State of Hawai'i only proceeded to trial on the alleged HRS § 291E-61(a)(3) violation.

should have been suppressed because the police misinformed him of the sanctions for refusing to submit to testing.

We recently rejected the same arguments in <u>State v. Won</u>, No. CAAP-12-0000858, --- Hawai'i ---, --- P.3d ---, 2014 WL 1270615 (Hawai'i App. Mar. 28, 2014) (as amended on May 2, 2014). Based on <u>Won</u>, we conclude that the District Court properly denied Tuisamatatele's motion to suppress, and we affirm Tuisamatatele's conviction and sentence under HRS § 291E-61(a)(3) and (b)(1).[4]

DATED:  Honolulu, Hawai'i, May 28, 2014.

On the briefs:

Jonathan Burge
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

---

[4] Although the District Court dismissed the HRS § 291E-61(a)(1) portion of the OVUII charge, <u>see</u> footnote 2, <u>supra</u>, the typed portion of the District Court's Judgment under "Violation Section" and its files erroneously indicate that Tuisamatatele was convicted of violating both HRS § 291E-61(a)(1) and (a)(3).  We direct the District Court to file a corrected judgment that clearly reflects that Tuisamatatele was only convicted of violating HRS § 291E-61(a)(3), as a first offender under HRS § 291E-61(b)(1).